UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------x

DR. GERALD FINKEL, as Chairman of the Joint
Industry Board of the Electrical Industry,

                           Plaintiff,

- against -

PRIDE & SERVICE ELEVATOR CO., INC.,

                           Defendant.

------------------------------------------------------------x

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ AUG 21 2009 ★
BROOKLYN OFFICE

Case No.
09-CV-1466 (JG)(MDG)

## DEFAULT JUDGMENT

This action having been commenced on April 9, 2009 by the filing of the Summons and Complaint; a copy of the Summons and Complaint having been served on Pride & Service Elevator Co., Inc. ("Pride & Service Elevator") on April 14, 2009 by service upon the Secretary of State; proofs of service having been filed with the Court on April 27, 2009; defendant Pride & Service Elevator not having answered the Complaint; and the time for answering the Complaint having expired; defendant Pride & Service Elevator's default having been entered; the default being willful because of the failure of defendant Pride & Service Elevator to answer, prejudicial to the plaintiff in light of the statutory policy favoring the efficacious resolution of collection actions by employee benefit funds under ERISA; and the defendant lacking a meritorious defense;

NOW, upon application of plaintiff and upon the accompanying Statement of Amounts Due and the Declaration of David R. Hock submitted pursuant to Local Rule 55.2, setting forth the amounts that the defendant is indebted to plaintiff, it is hereby

ORDERED, ADJUDGED AND DECREED that

00143949.DOC.1

Pride & Service Elevator is liable for and shall pay the amount of $37,487.21 in damages to plaintiff, which amount represents unpaid required contributions, interest on unpaid and late-paid contributions, liquidated damages, and attorney's fees and costs as required under Section 502(g)(2) of ERISA, 29 U.S.C. §1132(g)(2), plus $2.60 per diem as follows:

(a) $20,896.22 in unpaid contributions to all Plans; and

(b) $2,102.77 in unpaid contributions pursuant to an audit

(c) $796.40 in interest on the unpaid and late-paid contributions due, including the audit interest plus $2.60 per diem through the date of payment of the unpaid contributions; and

(d) $8,649.43 in liquidated damages; and

(e) $5,042.39 in attorney's fees and costs for the prosecution of this action.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Pride & Service Elevator shall submit, within ten days after service of a copy of this Order upon the defendant, weekly payroll reports to plaintiff for all payroll weeks for which such reports have not been submitted as of the date judgment is entered and shall continue to submit the weekly payroll reports when due thereafter, and

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Pride & Service Elevator shall submit, within 30 days after service of a copy of this Order upon the defendant, an accounting to plaintiff for all payroll weeks for which Pride & Service Elevator deducted funds from any employee's wages which have not been submitted as of the date judgment is entered and shall continue to submit the weekly payroll reports when due thereafter, and

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Pride & Service Elevator shall pay to plaintiff, within ten days after service of a copy of this Order upon

the defendant, all contributions determined to be due pursuant to the collective bargaining agreements for all weeks that are unpaid as of the date judgment is entered and thereafter; and

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that this judgment shall be without prejudice to the right of plaintiff to audit the books and records of Pride & Service Elevator for any time period and to collect any contributions found to be due and owing as a result of any such audit.

SO ORDERED.

Dated: August 19, 2009
Brooklyn, New York

s/John Gleeson
John Gleeson, U.S.D.J.

3